UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEREMY HUNTE, | ) | |
| | ) | |
| Plaintiff, | ) | 16 C 11198 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| SAFEGUARD PROPERTIES MANAGEMENT, LLC and JPMORGAN CHASE BANK, N.A., | ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Jeremy Hunte sued Safeguard Properties Management, LLC and JPMorgan Chase Bank, N.A., alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and state law. Doc. 1. Safeguard and Chase each move to dismiss under Federal Rule of Civil Procedure 12(b)(6). Docs. 19, 22. The motions are granted, and the complaint is dismissed without prejudice.

**Background**

In resolving a Rule 12(b)(6) motion, the court assumes the truth of the operative complaint's well-pleaded factual allegations, though not its legal conclusions. *See Zahn v. N. Am. Power & Gas, LLC*, 815 F.3d 1082, 1087 (7th Cir. 2016). The court must also consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice," along with additional facts set forth in Hunte's brief opposing dismissal, so long as those additional facts "are consistent with the pleadings." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1020 (7th Cir. 2013). The facts are set forth as favorably to Hunte as those materials allow. *See Pierce v. Zoetis*, 818 F.3d 274, 277 (7th Cir. 2016). In setting forth those facts at this stage, the court does not vouch for

their accuracy. *See Jay E. Hayden Found. v. First Neighbor Bank, N.A.*, 610 F.3d 382, 384 (7th Cir. 2010).

Hunte owns real property in Momence, Illinois. Doc. 1 at ¶ 8. He entered into a mortgage agreement with Chase secured by the property. *Id*. at ¶ 9. Hunte eventually fell behind on his payments, sending the loan into default. *Id*. at ¶¶ 13-14. In May 2016, Hunte decided to complete a short sale of the property, and in June, he retained a law firm to assist him in the process. *Id*. at ¶¶ 18-19. He authorized Chase to share information concerning his mortgage with his attorneys. *Id*. at ¶ 20. Chase then approved "pre-foreclosure." *Id*. at ¶ 23.

In July, while Hunte was out of town, his law firm sent an agent to check the property for mail. *Id*. at ¶ 27. The mail included a letter from Chase (which Hunte's attorney also received directly), stating: "We've been notified your property is vacant. If this is incorrect and you're still living in or maintaining the property, please contact us … by August 3, 2016 … . If we don't receive your response by then, we'll secure the property, which may include changing the locks and winterizing it." *Id*. at ¶¶ 28-29. Hunte's attorney responded to Chase via e-mail, fax, and U.S. mail to say that Hunte had not abandoned the property. *Id*. at ¶¶ 30-31.

When Hunte returned home, he began receiving letters asking if he still lived there, and he responded by calling Chase to alert it that he did. *Id*. at ¶¶ 35-36. Hunte then left town once more. *Id*. at ¶ 39. On September 14, a neighbor called to tell him that Safeguard representatives had reported that his house was being seized due to a foreclosure action. *Id*. at ¶ 41, 44. Upon returning, Hunte found the home empty of his personal belongings, which had been placed in dumpsters. *Id*. at ¶ 46. The house's locks had been changed and its plumbing winterized. *Ibid*.

Hunte then filed this lawsuit against Safeguard and Chase. Only one count, an FDCPA claim against Safeguard, arises under federal law. *Id*. at ¶¶ 72-84. Hunte premises subject

matter jurisdiction over the state law claims on the supplemental jurisdiction, 28 U.S.C. § 1367(a); the complaint does not expressly invoke the diversity jurisdiction, 28 U.S.C. § 1332, and it does not allege the citizenship of Hunte or Safeguard, precluding any conclusion on the pleadings that the parties are completely diverse. *Id.* at ¶¶ 1, 3-6.

**Discussion**

The court will begin with the FDCPA claim, which alleges that Safeguard violated 15 U.S.C. §§ 1692f(6)(A), 1692c(b), 1692d(1), and 1692e(2), (10). *Id.* at ¶¶ 73-84. To be held liable under the FDCPA, a defendant must be a "debt collector." *See Ruth v. Triumph P'ships*, 577 F.3d 790, 796 (7th Cir. 2009) ("The FDCPA regulates only the conduct of 'debt collectors … .'"). The statute defines "debt collector," in pertinent part, as:

> [A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. … For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

15 U.S.C. § 1692a(6).

In his opposition brief, Hunte does not contend that Safeguard's principal purpose is to collect debts. Rather, he argues that its principal purpose is to enforce security interests. As the text of § 1692a(6) clearly provides, a business with that principal purpose qualifies as a "debt collector" where, as here, the plaintiff alleges a violation of § 1692f(6), which prohibits "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if … (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement." Doc. 33 at 2-6; *see Nadalin v. Automobile Recovery Bureau, Inc.*, 169 F.3d 1084, 1085 (7th Cir. 1999).

Safeguard retorts that it is not a "debt collector" because its principal purpose is property preservation, not the enforcement of security interests. Doc. 25 at ¶¶ 25-37.

Paragraph 5 of Hunte's complaint alleges that "Safeguard's principal purpose is the enforcement of security interests." Doc. 1 at ¶ 5. If that were all the complaint said about Safeguard's principal purpose, Safeguard would be, at least at the pleading stage, a debt collector for purposes of a § 1692f(6) claim. But Paragraph 4 of the complaint alleges that Safeguard's "principal purpose [is to] manage and preserve at-risk and foreclosed properties." *Id.* at ¶ 4. If that were true, then Safeguard is not a debt collector under the FDCPA. *See Alqaq v. CitiMortgage, Inc.*, 2014 WL 1689685, *3-4 (N.D. Ill. Apr. 29, 2014) (holding that property preservation incidental to debt collection does not amount to enforcement of a security interest within the meaning of § 1692f(6)); *see also Seghetti v. Flagstar Bank, FSB*, 2016 WL 3753143, *3 (D. Md. July 13, 2016) (following *Alqaq*).

Paragraph 4 was no typographical error, as Hunte reiterates in his opposition brief that Safeguard's "*principal purpose* is to manage and preserve at-risk and foreclosed properties." Doc. 33 at 6 (emphasis added). True, in the next sentence, he says: "Plaintiff has also pleaded that Safeguard has as *a primary purpose* the enforcement of security interests … ." *Ibid.* (emphasis added). But note that his brief says that Safeguard's "principal purpose"—a term found in the definition of "debt collector" in § 1692a(6)—is managing and preserving at-risk and foreclosed properties. By contrast, the brief states merely that Safeguard has "as a primary purpose"—a term not found in the statutory definition—the enforcement of security interests.

This is not a situation where Hunte is engaged in alternative pleading under Rule 8(d)(2), which permits a party to "set out 2 or more statements of a claim … alternatively or hypothetically, either in a single count or defense or in separate ones," and provides that "[i]f a

4

party makes alternative statements, the pleading is sufficient if any one of them is sufficient." Fed. R. Civ. P. 8(d)(2). As the Seventh Circuit has explained, although parties "need not use particular words to plead in the alternative, they must use a formulation from which it can be reasonably inferred that this is what they were doing." *Holman v. Indiana*, 211 F.3d 399, 407 (7th Cir. 2000). Nothing in the complaint or Hunte's opposition brief indicates that he intended to plead that Safeguard's principal purpose was managing and preserving at-risk and foreclosed properties in the alternative to pleading that its principal purpose was enforcing security interests. It follows that Paragraph 5's allegation that Safeguard's principal purpose was enforcing security interests is not a Rule 8(d)(2)-compliant alternative pleading capable of grounding Hunte's FDCPA claim. *See ibid*. (rejecting inconsistent facts when not made in the context of an alternative pleading).

Perhaps Hunte meant to allege that Safeguard has *two* principal purposes—(1) enforcing security interests *and* (2) managing and preserving at-risk and foreclosed properties. If so, that would do Hunte no good, as the FDCPA does not cover such dual-principal purpose entities. The pertinent portion of § 1692a(6) defines "debt collector" as an entity "*the* principal purpose of which is the enforcement of security interests." 15 U.S.C. § 1692a(6) (emphasis added). Not "*a* principal purpose of which," but "*the* principal purpose of which." Congress's use of the definite article to modify "principal purpose" means that Congress intended to cover only entities having *one* principal purpose, that of enforcing security interests. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) ("The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over the petitioner.' The consistent use of the definite article in reference to the custodian indicates that there is generally only one proper respondent to a given prisoner's habeas petition.") (citations and brackets

omitted); *Edgenet, Inc. v. Home Depot U.S.A., Inc.*, 658 F.3d 662, 666 (7th Cir. 2011) ("Yet the 2006 contract speaks of '*the* product collection taxonomy' … and this use of the definite article is appropriate only if there is just one taxonomy."); *Am. Bus Ass'n v. Slater*, 231 F.3d 1, 4-5 (D.C. Cir. 2000) ("[I]t is a rule of law well established that the definite article 'the' particularizes the subject which it precedes."). Thus, if Hunte meant to allege that Safeguard had two principal purposes, the allegation would take Safeguard outside the FDCPA's definition of "debt collector" even though one of those purposes was enforcing security interests. *See Rockridge Trust v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1137 (N.D. Cal. 2013) ("[T]he [complaint] alleges that 'one of the principal businesses of [Wells Fargo] is debt collection on a regular basis.' … [This] establishes only that debt collection is some part of Wells Fargo's business. For Wells Fargo to be a debt collector …, Plaintiffs must allege that the principal purpose of Wells Fargo's business is debt collection, not that one of Wells Fargo's principal businesses is debt collection.") (second brackets in original).

Before wrapping up this point, the court acknowledges that Paragraph 6 of the complaint alleges that "Safeguard regularly collects or attempts to collect defaulted consumer debts using the mails and telephone." Doc. 1 at ¶ 6. If this were all the complaint alleged regarding Safeguard's activities, Safeguard would, at least for pleading purposes, be a debt collector for purposes of *any* FDCPA claim and not merely for the § 1692f(6) claim. However, Hunte's opposition brief does not press this argument, instead relying exclusively on the allegation that Safeguard's principal purpose is enforcing security interests. Accordingly, Hunte has forfeited for purposes of the present motions to dismiss any argument that Safeguard is a debt collector because it regularly collects or attempts to collect defaulted consumer debts. *See Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 825 (7th Cir. 2015) ("[A] party generally forfeits an argument or

6

issue not raised in response to a motion to dismiss."); *G&S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 538 (7th Cir. 2012) ("We have repeatedly held that a party waives an argument by failing to make it before the district court."). Even putting aside forfeiture, Hunte gives no indication that Paragraph 6 was intended to be an alternative pleading under Rule 8(d)(2).

Because the complaint fails to allege facts sufficient to show that Safeguard is a debt collector, the FDCPA claim is dismissed. All that remains are Hunte's state law claims. As noted, the complaint premises jurisdiction over those claims on 28 U.S.C. § 1367(a). Section 1367(c)(3), however, provides that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if … the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "As a general matter, when all federal claims have been dismissed prior to trial, the federal court should relinquish jurisdiction over the remaining pendent state claims." *Williams v. Rodriguez*, 509 F.3d 392, 404 (7th Cir. 2007); *see also Dietchweiler by Dietchweiler v. Lucas*, 827 F.3d 622, 631 (7th Cir. 2016) ("[W]hen the federal claims are dismissed before trial, there is a presumption that the court will relinquish jurisdiction over any remaining state law claims."). This general rule has three exceptions: "when the refiling of the state claims is barred by the statute of limitations; where substantial judicial resources have already been expended on the state claims; and when it is clearly apparent how the state claim is to be decided." *Williams*, 509 F.3d at 404; *see also RWJ Mgmt. Co., Inc. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 480 (7th Cir. 2012).

None of the exceptions apply here. First, if this court relinquishes supplemental jurisdiction over the state law claims, Illinois law would give Hunte one year to refile those claims in state court if their limitations period(s) expired while the case was pending here. *See Sharp Electronics Corp. v. Metropolitan Life Ins. Co.*, 578 F.3d 505, 515 (7th Cir. 2009) (citing

7

735 ILCS 5/13-217); *Davis v. Cook Cnty.*, 534 F.3d 650, 654 (7th Cir. 2008) (same); *Timberlake v. Illini Hosp.*, 676 N.E.2d 634, 636-37 (Ill. 1997) (same). Second, as this case is still at the pleading stage, substantial federal judicial resources have not yet been committed to the state law claims. *See Davis*, 534 F.3d at 654 ("[T]he district court disposed of the federal claims on summary judgment, and so 'substantial judicial resources' have not yet been committed to the case."). And, third, it is not readily apparent how the state law claims will be resolved. Given all this, relinquishing jurisdiction over the state law claims is the appropriate course under § 1367(c)(3). *See Dietchweiler*, 827 F.3d at 631; *RWJ Mgmt. Co.*, 672 F.3d at 479-82; *Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1251-53 (7th Cir. 1994).

## Conclusion

The motions to dismiss are granted. The dismissal is without prejudice to Hunte filing an amended complaint with both his FDCPA claim and state law claims. *See Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015) ("Ordinarily, … a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend her complaint before the entire action is dismissed."). Hunte has until June 27, 2017 to file an amended complaint. If he does not do so, the dismissal of the FDCPA claim will convert automatically to a dismissal with prejudice, and judgment will be entered. If Hunte files an amended complaint, Defendants shall answer or otherwise plead to the amended complaint within three weeks of its filing.

June 6, 2017

United States District Judge