UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEREMY HUNTE, | ) |
| | ) |
| Plaintiff, | ) 16 C 11198 |
| | ) |
| vs. | ) Judge Gary Feinerman |
| | ) |
| SAFEGUARD PROPERTIES MANAGEMENT, LLC, and JPMORGAN CHASE BANK, N.A., | ) ) ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Jeremy Hunte sued Safeguard Properties Management, LLC and JPMorgan Chase Bank, N.A., alleging that Safeguard violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and that both defendants violated state law. Doc. 1. The court granted Defendants' motions to dismiss the original complaint and allowed Hunte to replead. Docs. 48-49 (reported at 255 F. Supp. 3d 722 (N.D. Ill. 2017)). Hunte filed an amended complaint, Doc. 58, and rather than respond to Defendants' motions to dismiss, Docs. 60, 63, he sought and was granted leave to file a second amended complaint, Docs. 71-73. After Defendants again moved to dismiss, Docs. 75, 78, the court dismissed with prejudice Hunte's FDCPA claims on the merits, relinquished jurisdiction over the state law claims, and entered judgment. Docs. 88-90 (reported at 2017 WL 5891060 (N.D. Ill. Nov. 27, 2017)). Hunte now moves under Rule 59(e) for reconsideration. Doc. 96. Because the arguments that Hunte presents on reconsideration are forfeited, meritless, or both, his motion is denied.

**Background**

The court assumes familiarity with the background set forth in the court's earlier opinions. To be liable under the FDCPA, a defendant must be a "debt collector" as defined in 15

1

U.S.C. § 1692a(6). Although the statute provides several possible ways a defendant may qualify as a "debt collector," the second amended complaint invoked just two. Doc. 73 at ¶¶ 6-7. The first defines a debt collector as "any person … who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The second—which applies only where, as here, the plaintiff alleges a § 1692f(6) violation—defines a debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." *Ibid*.

In moving to dismiss the second amended complaint, Defendants first contended that Hunte had not plausibly alleged that Safeguard was a "debt collector" under § 1692a(6)'s "regularly collects or attempts to collect … debts" prong. Doc. 76 at 5-6; Doc. 79 at 11-12. According to Safeguard, Hunte's allegation that "Safeguard placed a sign on his property with Chase's contact information" was insufficient. Doc. 79 at 12. Chase similarly argued that Hunte "[did] not allege that Safeguard sent [him] … collection notices, made collection phone calls, or otherwise 'regularly' attempted to collect any debts from Hunte or anyone else." Doc. 76 at 5-6.

Defendants next contended that Hunte had not plausibly alleged that Safeguard was a "debt collector" under § 1692a(6)'s "enforcement of security interests" prong. Doc. 76 at 5; Doc. 79 at 8-11. For its part, Safeguard acknowledged Hunte's allegations that it (1) "markets its services to mortgage companies with delinquent and defaulted borrowers," and (2) "advertises field services that it provides to its client[s], and among these services are communicating with delinquent borrowers on behalf of mortgage companies, contacting mortgagors to request that they call mortgage companies, and reporting back to mortgage companies whether it has made contact with mortgagors and regarding the condition of mortgaged properties." Doc. 73 at ¶ 5;

Doc. 79 at 8-9.  Nevertheless, Safeguard contended that Hunte had not plausibly alleged that it fit within the "enforcement of security interests" prong because he "ma[de] no allegation that Safeguard sent *him* anything in the mail or contacted *him* via telephone or … used any instrumentality of interstate commerce *to … enforce any security interest*."  Doc. 79 at 9 (emphasis added).  Chase similarly argued that Hunte "[did] not allege that Safeguard ever sent [him] *anything* in the mail or contacted [him] via telephone (or any other 'instrumentality of interstate commerce')—only that Safeguard physically visited the Property, placed a notice on the Property, and later removed [his] belongings."  Doc. 76 at 5.

Hunte responded that Safeguard's notices on his property—together with its marketing activities—qualified it as a "debt collector" under the "regularly collects or attempts to collect … debts" prong "because the notices [it] placed in [Hunte's] windows conveyed information regarding the alleged debt, including the identity of the debt collector and creditor."  Doc. 82 at 10.  Hunte also contended that Safeguard fit within the "enforcement of security interests" prong because its "property preservation services include communicating with delinquent borrowers on behalf of mortgage companies, contacting mortgagors to request that they call mortgage companies, and reporting back to mortgage companies whether it has made contact with mortgagors and regarding the condition of mortgaged properties."  *Id*. at 6, 13 (internal quotation marks omitted).  Significantly, Hunte did *not* address Defendants' argument that he had not plausibly alleged that Safeguard fit within the "enforcement of security interests" prong given that he had failed to claim that it sent *him* anything via any instrumentality of interstate commerce or the mails, nor did Hunte contend that Safeguard could fit within that prong so long as it used the mails or other instrumentality of interstate commerce in *any* aspect of its work for Chase, even if not in communicating with Hunte himself.  *Ibid*.

3

With the parties' arguments so presented (and not presented), the court held that Hunte had not plausibly alleged that Safeguard was a "debt collector" under § 1692a(6). 2017 WL 5891060, at *6. As to the "collects or attempts to collect … debts" prong, the court reasoned that "Safeguard's signs pertain to the property's being deemed vacant and abandoned; they do not refer to Hunte's mortgage debt, let alone try to collect it." *Id*. at *4. The court added that "while the complaint alleges that Safeguard tried to dispossess Hunte of his home, it does not allege or give rise to a reasonable inference that Safeguard was doing so in order to collect a debt on Chase's behalf." *Ibid*. As to the "enforcement of security interests" prong, the court reasoned that the complaint's allegations concerning Safeguard's use of the mails or other instrumentalities of interstate commerce bore no relation to its "alleged interactions with Hunte, which occurred exclusively in person." *Id*. at *5. The court thus held that Hunte could not clear the plausibility threshold because "the complaint [did] not allege that Safeguard *uses the instrumentalities of interstate commerce or the mails* in performing" its security interest enforcement services. *Ibid*. Nor, in light of the exclusively in-person nature of Safeguard's interactions with Hunte, was it "reasonable to infer" that it did so with other debtors. *Ibid*.

In so holding, the court noted that it had discussed a closely related issue with Hunte's counsel at a hearing concerning the first amended complaint. *Ibid*. Specifically, the court had asked Hunte's counsel whether Safeguard communicated with affected homeowners exclusively by posting physical notices on their properties, or also through the mails or instrumentalities of interstate commerce. *Id*. at *3, *5; Doc. 94 at 5-8. When Hunte's counsel could not say, the court expressed concern that the first amended complaint's allegation that "Safeguard regularly collects or attempts to collect defaulted consumer debts using the mails and telephone" was not

4

properly founded. 2017 WL 5891060, at *3, *5. In light of that concern, counsel sought leave to further amend and file a second amended complaint. Doc. 71.

**Discussion**

Rule 59(e) provides: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). "Amendment of the judgment is proper only when 'the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact.'" *Stragapede v. City of Evanston*, 865 F.3d 861, 868 (7th Cir. 2017) (quoting *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996)). "A manifest error occurs when the district court commits a wholesale disregard, misapplication, or failure to recognize controlling precedent." *Ibid*. (internal quotation marks omitted). Significant for present purposes, precedent teaches that a Rule 59(e) motion "is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment, or to present evidence that was available earlier." *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995) (citation omitted). Nor does Rule 59(e) "provide a vehicle for a party to undo its own procedural failures." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996).

A.   **"Enforcement of Security Interests" Prong of § 1692a(6)**

In seeking reconsideration, Hunte contends that the court made a manifest error of law in holding that Safeguard did not qualify as a "debt collector" under § 1692a(6)'s "enforcement of security interests" prong because Hunte failed to allege that it "use[d] an instrumentality of interstate commerce [or the mails] *in the enforcement* of security interests." Doc. 96 at 3. Hunte argues that the statute required him to allege only two things: first, that "Safeguard uses an

5

instrumentality of interstate commerce" in some aspect of its business, and second, that the "principal purpose" of that business "is the enforcement of security interests." *Id*. at 3-4.

As noted, Hunte did not make that argument in opposing Defendants' motions to dismiss the second amended complaint—this despite the court having raised a closely related issue regarding the first amended complaint, in response to which Hunte sought and was given leave to replead. And had Hunte made that argument, it likely would have failed. It is true that the "enforcement of security interests" prong defines a "debt collector" as "any person who *uses* any instrumentality of interstate commerce or the mails *in* any business the principal purpose of which is the enforcement of security interests." 15 U.S.C. § 1692a(6) (emphasis added). It also is true that in interpreting a different though (for present purposes) materially similar prong of § 1692a(6)'s definition of a "debt collector"—"any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts," *ibid*.—the Eleventh Circuit broadly held that "a party can qualify as a 'debt collector' … by using an 'instrumentality of interstate commerce or the mails' *in operating a business* that has the principal purpose of collecting debts." *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1218 (11th Cir. 2012) (emphasis added) (quoting 15 U.S.C. § 1692a(6)); *see also Anderson v. Bank of Am., N.A.*, 2014 WL 4631222, at *9 (D. Or. Sept. 12, 2014) ("Anderson also alleges 'BOA utilizes the means of interstate commerce to conduct its business,' in part by using 'the internet, mail, and telephones to conduct business across state lines.' These allegations, when taken as true, establish that BOA uses an instrumentality of interstate commerce to collect the debts owed another.") (citation omitted); *Munoz v. Pipestone Fin., LLC*, 397 F. Supp. 2d 1129, 1133 (D. Minn. 2005) ("[T]he principal purpose of Pipestone's business is to purchase and collect debts and … Pipestone uses instrumentalities of interstate

6

commerce or the mails in that business. Therefore, the Court finds that Pipestone is a debt collector under the FDCPA … .").

Taking the contrary view, most courts directly addressing the issue have held that a defendant qualifies as a debt collector under the "collection of any debts" prong only if it uses the mails or other instrumentalities of interstate commerce directly in collecting a debt from a debtor. *Compare Labron v. Nationstar Mortg., LLC*, 2016 WL 2993622, at *2 (W.D. Ky. May 23, 2016) ("Plaintiffs have failed to allege facts that indicate Safeguard used any instrumentality of interstate commerce *to collect a debt* and therefore have failed to plausibly establish Safeguard is a debt collector under the FDCPA. Plaintiff claims that Safeguard must have used an automobile to move Plaintiff's possessions from the Property and therefore the instrumentality requirement is met. Plaintiff has not, however, plausibly stated how moving these possessions from the Property to the garbage dump *accomplished the collection of a debt*.") (emphasis added, citations and internal quotation marks omitted); *Moore v. Pendergraph Cos.*, 2014 WL 897138, at *2 (D.S.C. Mar. 6, 2014) (holding, despite the plaintiff's having received a letter from her landlord "threatening to have the amount [of a charged carpet-cleaning fee] put on [her] credit," that she had not alleged the landlord was a debt collector under § 1692a(6) because she "[did] not allege that the Defendant has used interstate commerce or the mails *to collect the debt* allegedly due") (second alteration in original); *Boccone v. Am. Express Co.*, 2007 WL 2914909, at *5 (D. Md. Oct. 4, 2007) (holding that the defendants were not "debt collectors" under the "collection of any debts" prong because, even though they "sen[t] Plaintiff's account to collection several times" and separately "placed a charge-off status on his credit report," they did not "personally use[] or direct[] the use of interstate commerce instrumentalities or the mail *to collect the acknowledged debt from Plaintiff*") (emphasis added, citations omitted), *with*

*Abrahmov v. Fid. Info. Corp.*, 2013 WL 5352473, at *2 (E.D.N.Y. Sept. 23, 2013) ("While the complaint does not explicitly allege that defendant used the mails or any other instrumentality of interstate commerce to collect debts, the complaint does make allegations from which that fact may reasonably be inferred: the complaint alleges that defendant's principal place of business is California, that plaintiff resides in Nassau County, New York, and that plaintiff communicated with defendant by mail."); *Watters v. Midland Credit Mgmt., Inc.*, 2012 WL 1666059, at *9 (D. Utah May 8, 2012) ("Because Bennett Law used a telephone—which is an 'instrumentality of interstate commerce'—in an effort to collect a debt from plaintiffs, defendant has satisfied the first prong of the statutory 'debt collector' definition.").

Those decisions offer the more persuasive view of § 1692a(6)'s "collection of any debts" prong. And because the pertinent language of the "enforcement of security interests" prong at issue here tracks nearly verbatim the parallel language in the "collection of any debts" prong, Hunte is mistaken in contending that the "enforcement of security interests" prong must be read to require only that Safeguard use an instrumentality of interstate commerce or the mails in *some* aspect of its business as opposed to specifically in its interactions with Hunte. 2017 WL 5891060, at *5 (holding that Hunte's "complaint [did] not allege anything giving rise to a reasonable inference that Safeguard accomplishes [the] purpose [of enforcing security interests] through 'any instrumentality of interstate commerce or the mails'") (quoting 15 U.S.C. § 1692a(6)). Hunte therefore has failed to show on the merits that the court's dismissal order warrants reconsideration. *See Stragapede*, 865 F.3d at 868 (requiring the "wholesale disregard, misapplication, or failure to recognize controlling precedent" to warrant reconsideration) (internal quotation marks omitted).

In the end, however, the merits do not matter, as Hunte has forfeited any argument that Safeguard qualifies as a "debt collector" under the "enforcement of security interests" prong so long as it used the mails or other instrumentality of interstate commerce in *some* aspect of its work, even if not in communicating with Hunte himself. That precise interpretive question was presented in Defendants' briefing on their motions to dismiss, and yet Hunte failed to address it in his opposition brief. Because Hunte could have made this argument in his opposition brief but did not so, the argument is forfeited for purposes of Rule 59(e) and thus cannot support reconsideration. *See Sigsworth v. City of Aurora*, 487 F.3d 506, 512 (7th Cir. 2007) ("[I]t is well-settled that a Rule 59(e) motion is not properly utilized to advance arguments or theories that could and should have been made before the district court rendered a judgment.") (ellipsis and internal quotation marks omitted); *LB Credit Corp.*, 49 F.3d at 1267 (same). And given the substantial judicial resources devoted to addressing the many arguments the parties chose to present in conjunction with Defendants' motions to dismiss the second amended complaint, not to mention the motions to dismiss the original complaint, the forfeiture will not be excused.

### B. "Regularly Collects or Attempts to Collect … Debts" Prong of § 1692a(6)

Hunte also contends that the court committed a manifest error of law in holding that Safeguard is not a "debt collector" under the "regularly collects or attempts to collect … debts" prong of § 1692a(6). Doc. 96 at 6-9. Hunte first suggests that, in analyzing that prong, the court should have looked to the nature of Safeguard's "business in general," rather than limit itself to the "specific actions it took vis-à-vis [him]" in posting notices on his property and later locking him out of his home, winterizing the plumbing, and discarding his personal belongings. *Id*. at 7. But the court's opinion did in fact look to the nature of Safeguard's overall business in analyzing this prong. Given the absence in the operative complaint of nonconclusory allegations that

Safeguard's business in general involved debt collection, the court treated "Hunte's experience with Safeguard [as] a representative one," meaning that "Safeguard 'regularly' does to others what it allegedly did to him." 2017 WL 5891060, at *4. On that ground, the court held that Hunte's allegations did not plausibly "give rise to a reasonable inference" that Safeguard regularly collected or attempted to collect debts, and therefore that Safeguard was not a "debt collector" under this prong of § 1692a(6). *Ibid*.

Hunte next disputes the court's reading of *Siwulec v. J.M. Adjustment Services, LLC*, 465 F. App'x 200 (3d Cir. 2012). Putting aside that "[taking] umbrage with the court's ruling … [does] not demonstrate that there was a disregard, misapplication or failure to recognize controlling precedent," *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000), and that, in any event, *Siwulec* is not controlling precedent, Hunte is wrong. The plaintiff in *Siwulec* alleged that the defendant's employees or agents were "instructed to urge alleged debtors, in person, to call the creditor while they watched, [and] were to gather contact information from the debtors directly." 465 F. App'x at 204. The plaintiff further alleged that she was handed a letter seeking "information … to assist Chase in 'resolv[ing]' a home mortgage loan that Chase alleged was 'past due.'" *Id*. at 201. Thus, as this court explained in its opinion, unlike "Safeguard's communications with Hunte, which concerned only the property's apparent vacancy," *Siwulec* involved a plausible allegation "that the substance of the [relevant] communication[s] … related to the plaintiff's debt, and thus plausibly suggested that [the defendant] was attempting to help the lender collect the debt." 2017 WL 5891060 at *4.

Hunte finally points to the allegations in the second amended complaint concerning Safeguard's interactions with his neighbor. Doc. 96 at 9. As Hunte described them, those interactions consisted of "Safeguard convey[ing] information regarding an alleged

debt[,] … including the fact that [Hunte's] home was being seized," and asking the neighbor to "stop cutting [Hunte's] lawn" because the property was being foreclosed. Doc. 73 at ¶¶ 45, 47. But nothing about those statements to the neighbor plausibly suggests that Safeguard was making them in an effort to collect a debt from Hunte; after all, Safeguard did not convey to the neighbor how Hunte could contact the lender to repay the debt, or even identify the lender. Rather, if anything, the statements plausibly suggest only that the lender had given up on collecting Hunte's debt and instead decided to foreclose on the property.

**Conclusion**

Hunte's Rule 59(e) motion is denied. This case remains closed.

May 3, 2018

_____
United States District Judge